# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff-Respondent,<br><br>    v.<br><br>KEITH ROSE,<br><br>            Defendant-Petitioner. | CASE NO. 1:07-CR-00156 -LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>**ECF Nos. 454, 464** |

## I. <u>INTRODUCTION</u>

Before the Court is Petitioner Keith Rose's ("Petitioner," "Defendant," or "Rose") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"). (ECF No. 454, as amended at ECF No. 464.) On December 17, 2016, the Government filed its opposition. (ECF No. 468.) Petitioner filed a reply on January 18, 2017. (ECF No. 481.) Having considered the parties' briefing and the record in this case, the Court DENIES Petitioner's motion under § 2255.

## II. <u>BACKGROUND</u>

Rose pled guilty pursuant to a plea agreement under Federal Rule of Civil Procedure 11(c)(1)(B).

1

(ECF No. 245.) While Rose was convicted of conspiring to commit Hobbs Act robbery, he sustained an additional conviction for brandishing a firearm during and in relation to a crime of violence that was premised on an actual incident of Hobbs Act robbery, rather than on the conspiracy charge to which he pled. On January 29, 2010, this Court entered a judgment convicting Mr. Rose of one count of conspiring to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) and sentenced him to 78 months on the conspiracy count and 222 months consecutively on the § 924(c) count. (ECF No. 328.) This is Rose's first § 2255 motion.

### III. LEGAL FRAMEWORK

A. **28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

B. ***Johnson II* and *Welch***

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in prison if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the

> person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015) ("*Johnson II*"); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

In *Johnson II*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

The Supreme Court subsequently held that its decision in *Johnson II* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). "By striking down the residual clause for vagueness, [*Johnson II*] changed the substantive reach of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the [Act] punishes." *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their

3

sentences as unconstitutional under § 2255. *See, e.g.*, *United States v. Heflin*, 195 F. Supp. 3d 1134 (E.D. Cal. 2016).

C. **Sentencing Pursuant to 18 U.S.C. § 924(c)(1)(A)**

Section 924(c)(1)(A) of title 18 of the U.S. Code provides, *inter alia*, that any person who in relation to any "crime of violence" uses or carries a firearm shall in addition to the punishment provided for such "crime of violence," be sentenced to a term of imprisonment of not less than five years, to run consecutively with the punishment for the underlying "crime of violence." If a firearm is brandished in the course of committing the "crime of violence," the consecutive term of imprisonment shall be not less than seven years (84 months). 18 U.S.C. § 924(c)(1)(A)(ii). If a firearm is discharged, the consecutive term of imprisonment shall be not less than ten years. *Id.* § 924(c)(1)(C)(A)(iii).

For purposes of 18 U.S.C. § 924(c)(1)(A), a "crime of violence" is defined as an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts generally refer to the '(a)' clause of section 924(c)(3) as the 'force clause' and to the '(b)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, 153 F. Supp. 3d 906, 910 (N.D. Cal. 2016).

### IV. DISCUSSION

Petitioner challenges his sentence on the basis that Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) is no longer deemed a qualifying "crime of violence" for purposes of § 924(c)(1) in light of the Supreme Court's decision in *Johnson II*. (ECF No. 464 at 2.) Although the residual clause in § 924(c)(3)(B) is not identical to the residual clause in the ACCA struck down in *Johnson II*, Petitioner argues that it is very similar and therefore unconstitutionally vague. In response, the Government argues that Petitioner is not entitled to relief under 28 U.S.C. § 2255 because even if the residual clause of

4

§ 924(c) is unconstitutional, his conviction for Hobbs Act robbery is categorically a crime of violence under the remaining "elements" or "force" clause of § 924(c)(3)(A). Therefore, his sentence under § 924(c)(1)(A) is not affected by the Supreme Court's decisions in *Johnson II* and *Welch*. (ECF No. 468.)[1]

A. **Categorical Approach**

To determine whether an offense fits the definition of a "crime of violence," courts employ the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). A court applying the categorical approach must "determine whether the [offense] is categorically a 'crime of violence' by comparing the elements of the [offense] with the generic federal definition." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015) (internal citations omitted). Because the categorical approach is concerned only with what conduct the offense necessarily involves, the court "must presume that the [offense] rest[s] upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks and alterations omitted). If the elements of the offense "criminalize a broader swath of conduct" than the conduct covered by the generic federal definition, the offense cannot qualify as a crime of violence, even if the particular facts underlying the defendant's own case might satisfy that definition. *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (internal quotation marks omitted).

B. **Hobbs Act Robbery Is Categorically a Crime of Violence Under the Force Clause**

Under the Hobbs Act:

> Whoever in any way or degree obstructs, delays, or affects commerce or

---

[1] In addition to this argument, the Government makes three additional arguments for why the Court should deny Rose's § 2255 petition. First, the Government argues that Rose waived his right to collaterally attack his sentence in his plea agreement. Second, the Government argues that Petitioner's motion is time-barred. Third, the Government argues that the residual clause of § 924(c)(3)(B) is still valid after *Johnson II* and therefore Rose's conviction still qualifies as a crime of violence under the residual clause. Because the Court concludes that Hobbs Act robbery is still categorically a crime of violence under the force clause of § 924(c)(3)(A) and therefore that Petitioner's sentence is not affected by *Johnson II*, the Court need not address either of these issues.

5

> the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The Hobbs Act defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." *Id.* § 1951(b)(1).

The Ninth Circuit recently issued an unpublished opinion squarely on point, holding that Hobbs Act robbery is categorically a crime of violence under the force clause in § 924(c)(3)(A). *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016), *as amended* (June 24, 2016). The court relied on a prior Ninth Circuit decision interpreting an analogous federal bank robbery statute.[2] *Id.* (citing *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990)). In *Selfa*, the court reasoned that a crime committed by "intimidation," which is defined as an action that willfully puts a "reasonable person *in fear of bodily harm*," satisfies the requirement of a "threatened use of physical force." *Id.* Therefore, because Hobbs Act robbery requires that the defendant willfully place the victim in "fear of injury," it also requires the threat of physical force, and therefore qualifies as a crime of violence under the force clause. *Howard*, 650 F. App'x at 468.

Petitioner contends that Hobbs Act robbery categorically fails to qualify as a crime of violence for three reasons: (1) it can be accomplished by putting another in fear of injury to intangible property, which does not require the threat of physical force to property necessary under § 924(c)(3)(B); (2) it can be committed by placing a person in fear of physical injury without the use, attempted use, or threatened

---

[2] The federal bank robbery statute shares the same essential elements as Hobbs Act robbery. *See Howard*, 650 F. App'x at 468 (describing federal bank robbery and Hobbs Act robbery as "analogous"). Both statutes criminalize the taking of property by actual or threatened force or violence, or by intimidation/fear of injury. The federal bank robbery statute provides: "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . . shall be fined not more than $5,000 or imprisoned not more than twenty years, or both." 18 U.S.C. § 2113(a).

6

use of violent physical force; and (3) it does not require proof that the defendant intentionally used, threatened to use, or attempted to use violent physical force.

### 1. **Hobbs Act Robbery Cannot Be Accomplished Without Actual or Threatened Violent Physical Force**

Petitioner argues that Hobbs Act robbery cannot qualify as a crime of violence under the force clause after the Supreme Court's decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010) ("*Johnson I*"), which held that a crime of violence requires "violent physical force." (ECF No. 464 at 5.) First, according to Petitioner, the taking of property through threatening injury to another's intangible property does not satisfy the requirement of "violent physical force" outlined in *Johnson I*.[3] (*Id.* at 6-7.) Petitioner also argues more generally that the act of putting someone in "fear of injury" to his person also does not require the use, attempted use, or threatened use of violent physical force. (*Id.* at 9-12.)

First, although Petitioner argues that a conviction under the Hobbs Act robbery can be sustained on the basis that the victim feared intangible economic injury that does not encompass violent physical force, the case law is clear that Hobbs Act robbery cannot be accomplished without the threat of physical force. The cases cited by Petitioner refer to Hobbs Act extortion, not Hobbs Act robbery; Hobbs Act extortion is a separate crime with different elements. *United States v. McCallister*, No. 15-0171 (ABJ), 2016 WL3072237, at *8-9 (D.D.C. 2016) (distinguishing between cases dealing with Hobbs Act extortion and Hobbs Act robbery, and concluding that Hobbs Act robbery is categorically a crime of violence under the force clause of § 924(c)). Notably, Hobbs Act robbery by definition requires non-consensual taking, whereas extortion takes place when property is taken or obtained with consent. Fear of economic loss from a non-consensual taking (as in robbery) implicitly threatens violence and

---

[3] To the extent Petitioner argues that Hobbs Act robbery is not a categorical match for a crime of violence under § 924(c) because the former contemplates violent physical force against property, that argument fails under the plain language of both statutes. The Hobbs Act requires "actual or threatened force" or "violence" or "fear of injury" to "the person *or property of another*." *Id.* (emphasis added). The force clause of § 924(c)(3) also explicitly includes in the definition any offense that "has as an element the use, attempted use, or threatened use of physical force against the . . . *property of another*." *Id.* (emphasis added). Therefore, as far as the property element is concerned, the statutes are an exact match under the categorical approach; § 1951 is no broader than § 924(c).

7

physical force in a way that fear of economic loss from a consensual taking (as in extortion) does not. *See* 18 U.S.C. § 1951.

Several of the cases cited by Petitioner illustrate the difference. For example, Petitioner cites *United States v. Mitov*, noting that fear in the extortion context can encompass fear of economic loss, such as the threatened loss of success in a civil lawsuit. 460 F.3d 901, 907 (7th Cir. 2006). The Court cannot conceive of how fear of injury by loss in a civil lawsuit could ever form the basis for a Hobbs Act *robbery* conviction, as opposed to Hobbs Act *extortion* conviction. *See also United States v. Hancock*, 168 F. Supp. 3d 817, 823 (D. Md. 2016) (noting that "to the extent these cases deal with 'intangible property,' it appears to be in the context of the property being extorted, i.e., taken, not the property being subjected to threats or actual force or fear of injury"). The other cases cited by Petitioner where Hobbs Act extortion was committed by fear of economic injury similarly do not translate to the robbery context. *See, e.g.*, *United States v. Collins*, 78 F.3d 1021, 1030 (6th Cir. 1996) (fear that one might "lose the opportunity to compete for government contracts on a level playing field" was sufficient for extortion); *United States v. Cruz-Arroyo*, 461 F.3d 69, 74 (1st Cir. 2006) (noting that fear "encompasses fear of economic loss, including business opportunities"). Defendant has not offered a plausible hypothetical scenario in which Hobbs Act robbery could create a fear of injury to intangible property without the use or threat of violent physical force. *See United States v. Hill*, 832 F.3d 135, 141 n.8 (2d Cir. 2016) (rejecting the same argument because defendant "failed to show any realistic probability that a perpetrator could effect such a robbery in the manner he posits without employing or threatening physical force").

Lastly, Defendant argues more generally that Hobbs Act robbery does not constitute a crime of violence because it can be accomplished merely "by placing another in fear of injury to his person" without the use of force. Petitioner cites a Second Circuit case for the proposition that "human experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient." (ECF No. 464 at

8

9 (citing *Chrzanoski v. Ashcroft*, 327 F.3d 188, 196 (2d Cir. 2003)). Again, however, this hypothetical fails to explain how a *robbery* could ever be committed with fear of injury but without threat violent physical force. Supreme Court precedent requires Petitioner to present a "realistic probability, not a theoretical possibility" that a conviction under § 2113(a) & (d) could be sustained without demonstrating intentional threatened force. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Petitioner has not done so here.

A taking by "actual or threatened force" or "violence" or "fear of injury" *necessarily* involves at least the *threat* to use violent force. Courts that have considered this question in the wake of *Johnson II* have also reached the conclusion that "fear of injury" is "limited to fear of injury from the use of violence," and therefore have determined that Hobbs Act robbery cannot be committed without violent physical force in accordance with the Supreme Court's holding in *Johnson I*. *See Hill*, 832 F.3d at 140-44; *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017) (concluding that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A) because it "necessarily requires using or threatening force"); *In re St. Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (same); *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996) (Hobbs Act robbery has "as an element the use, attempted use, or threatened use of physical force against the person of another"); *United States v. Bailey*, No. CR14-328-CAS, 2016 WL 3381218, at *4 (C.D. Cal. 2016) ("'fear of injury to [one's] . . . property' under 18 U.S.C. § 1951(b)(1) includes only fear of injury from the use of force, and not fear instilled by, for example, threatened economic devaluation of stocks or physical defacing of a building"), *reconsideration denied sub nom. United States v. Dorsey*, No. 2:14-CR-0328(B)- CAS, 2016 WL 3607155 (C.D. Cal. June 30, 2016); *United States v Pena*, 161 F. Supp. 3d 268, 277 (S.D.N.Y. 2016) ("the text, history, and context of the Hobbs Act compel a reading of the phrase 'fear of injury' that is limited to fear of injury from the use of force").

2. **Hobbs Act Robbery Requires General Intent**

Petitioner further argues that Hobbs Act robbery does not require the use of *intentional* violent

9

force, and therefore does not meet the *mens rea* requirement necessary to satisfy the force clause of § 924(c)(3). (ECF No. 464 at 13-15.) In *Leocal v. Ashcroft*, the Supreme Court held that a DUI was not a crime of violence because the offense could be committed through mere negligence. 543 U.S. 1, 9-10 (2004). The Ninth Circuit extended *Leocal's* holding, concluding that offenses that could be committed through mere recklessness also do not fit within the crime of violence umbrella. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006). Therefore, any crime that can be committed without intentional or willful conduct (in other words, a crime that can be committed with mere negligence or recklessness) cannot constitute a crime of violence. *Id.*

Petitioner argues that because a conviction under the analogous federal bank robbery statute can be sustained where the defendant did not have a *specific intent* to use intimidation, *see, e.g.*, *United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996); *United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993); *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005), Hobbs Act robbery likewise does not require intentional or willful conduct and therefore does not meet the *mens rea* requirement necessary to be a crime of violence. In support of the argument that analogous language in § 2113 carries a lesser intent requirement and therefore is not categorically a crime of violence, Petitioner cites several cases where courts rejected the notion that a defendant had to have a *specific* intent to intimidate to be convicted of federal armed bank robbery.

Addressing the same argument in *Pena*, the court reasoned:

> Even assuming that the Section 2113(a) case law applies directly to Section 1951's definition of Hobbs Act robbery, the cited case law does not demonstrate that either statute is not a crime of violence under *Leocal*. Section 2113(a) is not a strict liability crime. The Supreme Court has explained that Section 2113(a) is a general intent crime whose mens rea requirement is satisfied only if the "defendant possessed knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation)." *Carter v. United States*, 530 U.S. 255, 268 (2000). In other words, a defendant charged with bank robbery pursuant to Section 2113(a) must intentionally perform objectively intimidating actions in the course of unlawfully taking the property of another. If a defendant robs a bank with violence, the prosecution need not prove a specific intent to cause pain or to induce

10

> compliance. Similarly, if a defendant robs a bank with intimidation, the prosecution need not prove a specific intent to cause fear. This does not mean that the bank robbery was accomplished through "negligent or merely accidental conduct." *Leocal*, 543 U.S. at 9. Accordingly, the Court rejects Pena's "somewhat implausible paradigm where a defendant unlawfully obtains another person's property against their will by unintentionally placing the victim in fear of injury." *Standberry*, 139 F. Supp. 3d at 739. Pena has failed to demonstrate a "realistic probability" that the accidental use of force would meet the elements of Hobbs Act robbery.

*Pena*, 161 F. Supp. 3d at 283-84. The Court agrees with the reasoning in *Pena*. Indeed, this Court has held that the federal armed bank robbery statute that Petitioner analogizes to here is categorically a crime of violence, and specifically that the intent requirements of § 2113 and § 924(c) are a categorical match. *See United States v. Salinas*, No. 1:08-CR-0338-LJO-SKO, 2017 WL 2671059 (E.D. Cal. June 21, 2017); *United States v. Torres*, No. 1:11-CR-0448-LJO-SKO, 2017 WL 431351, at *3-4 (E.D. Cal. Jan. 31, 2017).

Petitioner also cites *United States v. Abelis*, 146 F.3d 73, 83 (2d Cir. 1998) for the proposition that a defendant can be can be convicted under the Hobbs Act for creating "fear of injury" without intending to cause fear through explicit or implicit threats. Petitioner contends that in *Abelis* "the defendant was found to have satisfied the requisite element of causing fear simply on the basis of his 'reputation as a prominent figure in the underworld.'" (ECF No. 464 at 13-14 (citing *Abelis*, 146 F.3d at 83). Petitioner misreads *Abelis*, which explicitly held that the defendant could not have been convicted under the causing-fear element solely on the basis of his reputation as a prominent Russian gangster. *Id.* On the contrary, the court upheld the conviction after concluding that the relevant jury instruction adequately advised the jury that "a defendant must knowingly and willfully create or instill fear, or use or exploit existing fear" to be convicted of Hobbs Act extortion. *Id.* This instruction is consistent with the Court's conclusion that knowledge or willfulness is required to sustain a conviction under the Hobbs Act. This intent requirement matches the requisite intent level for a crime of violence under the force clause.

11

Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3)(A). Therefore, Petitioner's sentence under § 924(c)(1)(A) was not imposed in violation of the Constitution or the laws of the United States. The Court **DENIES** Petitioner's § 2255 motion.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the denial of a § 2255 motion unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To obtain a certificate of appealability, Petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and citations omitted).

Because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## VI. CONCLUSION AND ORDERS

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Keith Rose's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 464) is **DENIED**. The Court **DECLINES** to issue Petitioner a certificate of appealability for this motion.

IT IS SO ORDERED.

Dated: **August 18, 2017**        /s/ Lawrence J. O'Neill
                                 UNITED STATES CHIEF DISTRICT JUDGE